CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 28 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADRIAN RYAN DANIEL, | CASE NO. 7:18CV00586 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| ADULT DETENTION CENTER, ET AL., | By: Glen E. Conrad |
| Defendants. | Senior United States District Judge |

Adrian Ryan Daniel, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials unlawfully removed him from work release for testing positive for drug use. He has now paid the $400.00 filing costs. After review of the record, the court concludes that this civil action must be summarily dismissed.

I.

At the time his claims arose, Daniel was confined at the Danville Adult Detention Center ("DADC"). He was serving a sentence of eleven months and 29 days. On April 30, 2018, Daniel began participating in the DADC work release program. All work release inmates underwent random drug testing on September 17, 2018. Officer Chandler showed Daniel his test. "Faint lines showed on Amphetamine and opiates." Compl. 3, ECF No. 1. Daniel denied having taken drugs and insisted the test was negative for drug use, because faint lines showed on all six panels of the test. Lt. Hunt ordered another test for Daniel, with the same results. Daniel received a disciplinary charge for testing positive for opiates.

At the disciplinary hearing, Daniel presented evidence that certain legal medications that he had taken on September 27, 2018, could have caused a false positive on the drug tests. Daniel denied having taken any opiates. Captain Walker, the hearing officer, had both of Daniel's drug

tests. "From 4 feet away, [Daniel] could see the line under opiates," and he told Walker that the tests were both negative. Id. at 5. Walker stated that without proof Daniel had taken the legal medications that might have caused a false positive on the drug test, Walker was finding Daniel guilty of testing positive for opiates. He ordered Daniel removed from work release and deducted ten days of his good conduct time. On appeal, Daniel's request for outside analysis of the drug test panels was denied, and Walker's rulings were upheld.[1] According to Daniel, he could have earned between $8,000 and $10,000 in the work release program during the last 18 weeks of his jail time. He completed service of his prison term on January 18, 2019.

Daniel filed this § 1983 action in December 2018 against DADC, Hunt, Chandler, Walker, Mardiavich, and two other DADC officials. Liberally construed, the complaint alleges that these defendants deprived Daniel of his potential earnings from work release based on false positive drug test results, in violation of due process. As relief, Daniel seeks compensatory damages for the wages he was unable to earn after being removed from work release.

II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan,

---

[1] Daniel's wife also visited with DADC Director Frank Mardiavich and recorded their interview. Mardiavich refused to provide her a copy of the drug testing policy or to answer many of her questions. He also refused to give her Daniel's drug tests without a subpoena.

2

735 F.3d 153, 158 (4th Cir. 2013).

As an initial matter, Daniel cannot prevail against the DADC. A jail building cannot qualify as a person subject to being sued under § 1983. Thus, the court must dismiss his claims against the DADC. While the other defendants may be sued under § 1983, the claims against them must be dismissed for other reasons.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. Prison disciplinary proceedings that implicate a protected liberty interest, such as accumulated good conduct time, trigger federal due process protections. See Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). On the other hand, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. The inmate facing a prison disciplinary charge enjoys these limited, constitutionally guaranteed procedural protections: (1) written notice of the charge; (2) disclosure of evidence against him; (3) the right to call witnesses and present documentary evidence absent safety concerns; (4) a neutral factfinder; and (5) a written statement of reasons for disciplinary action. Id. at 564-71.

The evidentiary standard for prison disciplinary proceedings also differs from the standard used in criminal proceedings. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators [in disciplinary proceedings] that have some basis in fact." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 456 (1985). Thus, when an inmate challenges the sufficiency of the evidence to support his disciplinary conviction or penalty, due process requirements are met when there is "some evidence" in the record "that could support the conclusion reached." Id. at

455-56. Determining "whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence." Id. at 455.

Because Daniel was penalized with the loss of earned good conduct time, he was entitled to the due process protections mandated under Wolff and Hill.[2] The only challenge he brings, however, is to the sufficiency of the evidence to support the hearing officer's finding. As evidence at the hearing, Walker had what he interpreted as two test devices showing positive for opiates, Daniel's statement that he had not taken opiates, Daniel's evidence that other drugs prescribed to him could cause false positive drug test results, and Daniel's belief that the two tests were negative for opiates. Walker apparently found that the credibility of the test results as he read them outweighed Daniel's evidence, and ruled that Daniel was guilty of testing positive for opiates. It is not the court's province to reweigh all the evidence or Daniel's credibility. Because the officer's decision was supported by some evidence in the record, the hearing result had some basis in fact and thus comported with due process. Hill, 472 U.S. at 456.

Finally, Daniel's claim that he was wrongfully denied work release for the last 18 weeks of his sentence states no constitutional violation actionable under § 1983. Prisoners have no constitutional right to have a job in prison, to maintain a particular job, or to receive a due process hearing before being removed from a prison job. See Adams v. James, 784 F.2d 1077, 1079 (4th Cir. 1986); Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978). Inmates also do not have a protected liberty or property interest in a prison job assignment; thus, prison officials may terminate an inmate from his job for any reason without offending federal due process principles. See Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995). Similarly, an

---

[2] The court notes that Daniel does not seek restoration of his good conduct time. Moreover, because Daniel was due for release on January 18, 2019, any claim for restoration of good time appears to be moot.

4

inmate has no constitutionally protected interest in work release participation or potential earnings. See Kitchen v. Upshaw, 286 F.3d 179, 188 (4th Cir. 2002). Accordingly, none of the defendants violated Daniel's constitutional rights by removing him from work release, based on the positive drug tests, or by failing to reverse the hearing officer's rulings.

III.

For these reasons, the court concludes that Daniel has not stated facts giving rise to any constitutional claim. Therefore, the court will summarily dismiss the action without prejudice under § 1915A(b)(1) for failure to state a claim upon which relief could be granted. An appropriate order will enter this day. Dismissal without prejudice leaves Daniel free to refile his claims in a new and separate civil action, if he so desires.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Daniel.

ENTER: This 28th day of January, 2019.

_____
Senior United States District Judge